THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| DB PRIVATE WEALTH MORTGAGE LTD., | |
| Plaintiff, | Case No. 2:09CV887 DS |
| v. | |
| JUSTIN MARTY, | MEMORANDUM DECISION |
| Defendant. | |
| DB PRIVATE WEALTH MORTGAGE LTD., | |
| Plaintiff, | |
| v. | Case No. 2:09CV999 (Consolidated) |
| JUSTIN MARTY, | |
| Defendant | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## INTRODUCTION

Defendant Justin Marty served a notice for the deposition of Priscilla Newberry on December 2, 2009 and a request for production of documents to be produced 12 days after service. DB Mortgage objected and filed a Motion for Protective Order on two grounds: (1) The discovery is a pure fishing expedition with no basis whatsoever to justify it, and (2) the discovery violates the Federal Rules of Civil Procedure in that it is not timely and Mr. Marty has not followed any of the requirements under the Rules for expedited discovery. The Court agrees with DB Mortgage that this request for discovery is improper and that it will waste time and

resources, and is unsupported by any credible argument or evidence. The Court therefore grants Plaintiff's Motion for Protective Order.

## ANALYSIS

Mr. Marty has not produced any evidence to support his position. He merely speculates that because some "real estate notes are securitized in modern practice," this Note must have been securitized. DB Mortgage, on the other hand, has provided an affidavit of Ms. Newberry testifying to the fact that DB Mortgage is and always has been the holder of the Note and has never "sold, transferred, assigned, syndicated, or securitized" the Note. On Tuesday, December 1, 2009, DB Mortgage produced the original note for inspection, and Mr. Marty's counsel made a thirty-minute inspection of it. Now Mr. Marty is implying that the inspection was insufficient because "[c]opies having the appearance of originals are readily obtained." This argument is baseless and is totally unsupported by any credible argument or evidence.

It is also important to note that Mr. Marty's discovery requests violate the Federal Rules of Civil Procedure. Rule 26(d)(1) provides that "a party *may not seek discovery* from any source before the parties have conferred as required by Rule 26(f)." The parties in this case have not conferred, so discovery is premature.

Mr. Marty claims that Rule 26(f)'s requirement that the parties confer "as soon as practicable" must be interpreted in conjunction with Rule 56. He argues that because DB Mortgage filed a Motion for Summary Judgment, it cannot insist upon strict adherence to the rules of civil procedure "while withholding essential discovery." (Opp. p. 2) Rule 56(f) provides that "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition," the court may allow deposition or other

2

discovery. The party submitting the Rule 56(f) affidavit must identify the probable facts not available and what steps have been taken to obtain these facts. Mr. Marty has not filed a Rule 56(f) affidavit, nor has he demonstrated that he could satisfy its specificity requirements.

Mr. Marty claims that DB Mortgage violated the Real Estate Settlement Procedures Act ("RESPA") by failing to produce documents pursuant to Mr. Marty's demands. RESPA is inapplicable because its provisions do not "affect the validity or enforceability of any . . . loan, loan agreement, mortgage, or lien made or arising in connection with a federally related mortgage loan." 12 U.S.C. 2615. Furthermore, DB Mortgage has now produced the original Note for inspection, so even if RESPA applies, DB Mortgage has satisfied it.

## CONCLUSION

For the foregoing reasons, DB Mortgage's Motion for Protective Order is granted.

SO ORDERED.

DATED this 15th day of December 2009.

BY THE COURT:

*[signature]*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3