THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| DB PRIVATE WEALTH MORTGAGE LTD, | Case No. 2:09CV887 DS |
| Plaintiff, | Case No. 2:09CV999 (Consolidated) |
| vs. |  |
| JUSTIN MARTY, |  |
| Defendant. | MEMORANDUM DECISION |
| DB PRIVATE WEALTH MORTGAGE LTD, |  |
| Plaintiff, |  |
| vs. |  |
| JUSTIN MARTY, |  |
| Defendant |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

DB Mortgage made a loan to Justin Marty secured by a Deed of Trust on a residence in Park City, Utah. Marty defaulted on the loan and the Deed of Trust was foreclosed. DB Mortgage purchased the property at the trustee's sale and filed a deficiency complaint to recover the amounts remaining owing on the loan. The sole premise of Marty's defense to liability and of the counterclaim is that DB Mortgage may have sold or transferred the loan and therefore could not validly assert any default on the Note, hold a valid trustee's sale, purchase the Property at the trustee's sale, or seek recovery of the deficiency on the loan. He provides absolutely no

evidence to support these claims. In fact, he admits that he has never received any notice that the loan was assigned, nothing has ever been recorded indicating that the loan was assigned, and he has never been instructed to make payments to anyone other than DB Mortgage. His only evidence is his unsupported observation that some lenders don't keep their loans but instead package up the loans and sell them to investors. He speculates that this may have happened in this case and builds his defense and his Counterclaim solely on this speculation. This is insufficient. The court hereby grants Plaintiff's Combined Motion for Partial Summary Judgment on the Complaint and Motion to Dismiss Counterclaim in the Case.

## II. ANALYSIS

Rule 56(c) of the Federal Rules of Civil Procedure state that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient [to overcome a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [non-movant]." *Farm Bureau Life Ins. Co. v. Am. Nat'l Ins. Co.,* 505 F.Supp2d 1178, 1184 (D. Utah 2007).

The court agrees with Plaintiff that Mr. Marty has not provided even a "mere scintilla of evidence." He has provided *no* evidence. All of his arguments are based on speculation, conclusory statements, unsupported claims, and conclusions that defy logic. Despite the fact that DB Mortgage has the Note and has produced a copy of the Note, Marty still maintains that DB

Mortgage sold the Note and is not the legal owner thereof. None of his arguments addressing the purported evils of securitized loans are applicable to this case, because there is no evidence that this loan was never securitized.

### III.  CONCLUSION

Marty has not demonstrated any genuine issue as to a material fact and has not set forth any legal argument that is applicable to this case. Therefore, Plaintiff's Motion for Partial Summary Judgment as to liability on the Complaint is granted, and the Counterclaim is dismissed with prejudice upon the merits.

SO ORDERED.

DATED this 28th day of January , 2010.

BY THE COURT:

*David Sam*
DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT