THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

*****************************************************

| | |
|---|---|
| DB PRIVATE WEALTH MORTGAGE LTD, | Case No. 2:09CV887 DS |
| Plaintiff, | Case No. 2:09CV999 (Consolidated) |
| vs. | |
| JUSTIN MARTY, Defendant. | MEMORANDUM DECISION |
| DB PRIVATE WEALTH MORTGAGE LTD, Plaintiff, | |
| vs. | |
| JUSTIN MARTY, Defendant | |

*****************************************************

## I. INTRODUCTION

On January 28, 2010, the court granted Plaintiff's Motion for Partial Summary Judgment as to liability in this case, and dismissed the counterclaim with prejudice. In doing so, the court held that Mr. Marty had not provided any evidence to support his claims, and that all of his arguments were based on speculation. Mr. Marty has filed this Motion to Amend Judgment, citing as his only reason, that the Court failed to consider a proper Rule 56(f) affidavit and a request for discovery to meet the allegations supporting the Motion for Summary Judgment.

## II. ANALYSIS

A Rule 59(e) motion to amend judgment" is an extreme remedy to be granted in rare circumstances; . . . courts [should] consider [1] whether there has been an intervening change in the law, [2] new evidence, or [3] the need to correct clear error or to prevent manifest injustice." *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 944 (10th Cir. 995). Mr. Marty asserts that the Court committed clear error by failing to explicitly address his rule 56(f) Affidavit.

The court did in fact consider Mr. Marty's rule 56(f) affidavit, and implicitly addressed it and denied the relief sought. In its January 28, 2010 Memorandum Decision granting summary judgment to DB Mortgage, the Court stated, "*All of his arguments* are based on speculation, conclusory statements, unsupported claims, and conclusions that defy logic." As evidenced by the inclusive language of this statement, the Court considered and rejected *all* of Mr. Marty's claims, including his Rule 56(f) Affidavit.

Priscilla Newberry has testified by Affidavit that the Note and Trust Deed were never sold, assigned, transferred, syndicated, or securitized, and that DB Mortgage is, and always has been, the holder of the Note. But in spite of this Affidavit, as well as the fact that DB mortgage has possession of the Note and has produced a copy of the note for counsel's unrestricted inspection, Marty still maintains that DB Mortgage sold the Note and is not the legal owner thereof. He provides no evidence whatsoever in support of this allegation. It is merely speculation. Courts have held that the denial of a Rule 56(f) application is appropriate where "the evidence sought . . . was the object of pure speculation." *Visa International Services Association v. Bankcard Holders of America,* 784 F.2d 1472,1475 (9th Cir. 1986), *quoting Exxon Corp. v. FTC,* 663 P.2d 120 (D.C.Cir. 1980) (Rule 56(f) application properly denied where "there

2

[were] simply no facts in the record" to support existence of object of plaintiff's proposed discovery, and where defendant's evidence affirmatively indicated nonexistence of object of discovery); and *Schlesinger v. Central Intelligence Agency,* 591 F. Supp. 60, 64-65 (D.D.C. 1984) (Rule 56(f) application denied where mere allegation of factual dispute was specifically rebutted by moving party's affidavit).

In this case, Mr. Marty's mere allegation of a factual dispute was specifically rebutted by Priscilla Newberry's Affidavit, and thus it was appropriate for the Court to deny his Rule 56(f) affidavit and request for discovery.

In addition, Rule 56(f) provides that "[i]f a party opposing the motion shows by affidavit that, for *specified reasons*, it cannot present facts essential to justify its opposition," the court may allow deposition or other discovery (emphasis added). A Rule 56(f) Affidavit requires the party submitting it to identify *"the probable facts* not available and *what steps have been taken* to obtain these facts. A party may not invoke Rule 56(f) by simply stating that discovery is incomplete but *must state with specificity how the additional material will rebut the summary judgment motion." Seybold v. Cooke,* 2009 WL 4250070, 1 (D.Colo. 2009)(emphasis added). Mr. Marty's Rule 56(f) Affidavit is inadequate because it does not provide any degree of specificity as to why or how additional discovery would rebut DB Mortgages Motion for Summary Judgment regarding its ownership of the note. It contains only unsupported and generalized speculations.

### III. CONCLUSION

As discussed above, the Court, in deciding DB Mortgage's Motion for Summary Judgment, considered and implicitly denied Mr. Marty's Rule 56(f) request for discovery. To

3

avoid any confusion, however, the Court nunc pro tunc denies Mr. Marty's Rule 56(f) affidavit and request for discovery. The Court also hereby denies Mr. Marty's Motion to Amend Judgment (Doc. #83).

SO ORDERED.

DATED this 18th day of March, 2010.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT